UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAZOR TECHNOLOGY, LLC.

    Plaintiff,

v.                                                   Case No. 18-MC-51084

TODD HENDRICKSON and                        HON. AVERN COHN
CE TECH, LLC,

    Defendants.

_____/

## ORDER OF TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA[1]

I.

This is an action to enforce a subpoena in a case that is pending in the Eastern District of Pennsylvania, Razor Technology LLC v. Hendrickson, et al., 18-cv-00654-MAK (underlying action).

Before the Court is plaintiff's "Motion to Compel Compliance with Subpoena or, Alternatively to Transfer to the Eastern District of Pennsylvania." Plaintiff seeks to compel a third party, Thomas Scarpati, to comply with a subpoena for documents and a deposition. Plaintiff alternatively requests that the matter be transferred. For the reasons that follow, the matter will be transferred to the Eastern District of Pennsylvania.

---

[1]Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

II.

In the underlying action, Razor Technologies LLC (Razor) seeks an injunction and damages against its former employee, Todd Hendrickson, and his new company, CE Tech, LLC (CE Tech). Razor claims Hendrickson breached fiduciary and contractual duties allegedly owed to Razor by usurping business opportunities with a third party company, TDA, after leaving Razor for CE Tech. The crux of the claim is that Hendrickson acted improperly around the time TDA decided to substitute CE Tech for Razor during an ongoing technology project.

In this case, Razor seeks a subpoena compelling documents and the deposition of Scarpati, a Managing Director of TDA who is employed in TDA's Detroit, Michigan office.

Both Hendrickson and CE Tech and Scarpati have filed briefs opposing the subpoena and a transfer. See Docs. 5, 6. They both contend that Razor is seeking discovery past the deadline in the underlying litigation from a non-party who lacks personal knowledge and parties with knowledge have already been deposed. In other words, they say the subpoena is untimely, burdensome, and harassing. They also contend that a transfer is not necessary because the Court in the underlying litigation would also deny relief.

III.

Fed. R. Civ. P. 45 governs motions to quash or modify subpoenas. Under Rule 45(c)(3), motions to quash, modify, or condition the subpoena are made to the district court in the district from which the subpoena was issued. However, "it is within the discretion of the court that issued the subpoena to transfer motions involving the

2

subpoena to the district in which the action is pending." 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2463 at 79 (1995) (citing In re Digital Equip. Corp., 949 F.2d 228 (8th Cir.1991)) (the district court may in its discretion remit a discovery matter involving deposition subpoenas to the court in which the action is pending). See Petersen v. Douglas County Bank & Trust Co., 940 F.2d 1389 (10th Cir. 1991) (holding that sua sponte transfer of motion to quash to forum where underlying litigation was pending was not improper). See also The Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicecenter of Haverstraw, Inc., 211 F.R.D. 658 (D. Ka. 2003); Pactel Personal Communications v. JMB Realty Corp., 133 F.R.D. 137 (E.D.Mo. 1990) (the district court may issue an order transferring, inter alia, a motion to quash subpoena duces tecum filed on nonparties to the forum where the underlying litigation is pending, pursuant to the power granted in Rule 26(c))).

Given the tenacity Razor displays in seeking the subpoena and the vigor displayed in opposition, the district court in the underlying action is in the best position to deal with the issues presented. The Court believes that in the interest of uniformity and judicial economy, it is appropriate to transfer this matter.

Accordingly, Razor's motion to enforce is TRANSFERRED to the United States District Court for the Eastern District of Pennsylvania, where the underlying action is pending. See Fed. R. Civ. P. 43(f).

SO ORDERED.

Dated: 8/7/2018  
    Detroit, Michigan

S/Avern Cohn  
U.S. DISTRICT JUDGE

3